UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GENE A. JOINER, | ) |
| | ) |
|     *Plaintiff* | ) |
| | ) |
|     v. | )   CAUSE NO. 2:14-CV-277 RLM |
| | ) |
| U.S. STEEL GARY, | ) |
| | ) |
|     *Defendant* | ) |

OPINION and ORDER

Gene Joiner filed an employment discrimination complaint, without the assistance of counsel, alleging that he was permanently disabled as a result of asbestos exposure while employed at U.S. Steel. U.S. Steel moved to dismiss for failure to state a claim, contending that: (1) the complaint is time barred on its face because Mr. Joiner alleges that he received his notice of right to sue letter in 2000, but waited fourteen years to file his complaint; (2) Mr. Joiner hasn't alleged any facts that would support a plausible claim for employment discrimination under any of the statutes cited; and (3) any claim for work-related injuries is barred by the exclusivity provisions in Indiana's Worker's Compensation Act and/or Indiana's Occupational Disease Act. IND. CODE §§ 22-2-3-6 and 22-3-7-6. Mr. Joiner hasn't responded. For the following reasons, the court grants U.S. Steel's motion [Doc. No. 12].

To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Reynolds v. CB Sports Bar Inc., 623 F.3d 1143, 1146 (7th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Mr. Joiner is proceeding *pro se*, so the court reads his complaint liberally, Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir. 1998), but can't act as his attorney, Myles v. United States, 416 F.3d 551, 552-553 (7th Cir. 2005) (quoting Piler v. Ford, 542 U.S. 225, 231 (2004)). When, as in this case, "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,'" the motion to dismiss must be granted. Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001).

Mr. Joiner's complaint seeks relief under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Rehabilitation Act and 42 U.S.C. § 1981, but he hasn't alleged any facts that would support a claim under any of those statutes. He simply alleges that he is permanently disabled due to asbestos exposure. Documents attached to his complaint indicate that he was no longer employed by U.S. Steel when he began experiencing asbestos-related symptoms in 1977; that he "discover[ed] [he] had legal rights regarding asbestos exposure" in 1999; and that he filed a Worker's Compensation claim in November 2000, but the claim was dismissed because the statute of limitations had expired. Although Mr. Joiner alleges in the complaint that he received a right to sue notice from the Equal Employment Opportunity Commission on November 2, 2000, the letter attached to his complaint [Doc. No. 1 at p. 11] is not a notice of right to sue, and there's no indication he ever filed a claim of discrimination with the EEOC. To the extent Mr. Joiner is asserting a

2

state law claim for work-related personal injuries, his claim is barred by the exclusivity provisions in Indiana's Worker's Compensation Act (IWCA) and/or Indiana's Occupational Disease Act (IODA), which provide that "the rights and remedies granted to an employee [under the IWCA and IODA] . . . shall exclude all other rights and remedies of such employee[.]" IND. CODE §§ 22-2-3-6 and 22-3-7-6.  *See* Guess v. Bethlehem Steel Corp., 913 F.2d 463, 466 (7th Cir. 1990).

Accordingly, defendant U.S. Steel's motion to dismiss [Doc. No. 12] is GRANTED, Any amendment to the complaint would be futile, so the court also orders the case DISMISSED.

SO ORDERED.

ENTERED:   January 13, 2016

/s/ Robert L. Miller, Jr.
Judge, United States District Court